UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------

JOHN WRIGHT,

                  Petitioner,

                  -against-                         16cv4937

                                             MEMORANDUM & ORDER

UNITED STATES OF AMERICA,

                  Respondent.

---------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

        Pro se Petitioner John Wright moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Wright's habeas petition is denied.

## BACKGROUND

        On September 18, 2015, Wright pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (Criminal ECF No. 30; Criminal ECF No. 42 ("Plea Tr."), at 17–19.)[1] In his plea agreement, Wright stipulated to his classification as a "career offender" under §§ 4B1.1(a)(1) and (b)(2) of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), resulting in an enhanced offense level.[2] (Criminal ECF No. 72-1 ("Plea Agreement"), at 2.) Wright's plea agreement calculated his Guidelines range to be 188 to 235 months of imprisonment, and Wright waived any appeal or collateral attack challenging a sentence within or below that range. (Plea Agreement, at 4–6; Plea Tr., at 14–15.) On January 22, 2016, this Court sentenced Wright

---

[1]     Citations to "Criminal ECF No." refer to Wright's underlying criminal proceeding, case number 15-cr-364. Citations to "ECF No." refer to this proceeding.

[2]     At the time of Wright's sentencing, the 2014 Sentencing Guidelines were in effect.

principally to 120 months of imprisonment.  (Criminal ECF No. 55; Criminal ECF No. 59 ("Sentencing Tr."), at 9.)  Five months later, Wright filed this action.  (See ECF No. 1.)

DISCUSSION

I.     Legal Standard

Under 28 U.S.C. § 2255, a petitioner may "move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Collateral challenges conflict with "society's strong interest in the finality of criminal convictions," and petitioners are therefore subject to a higher bar "to upset a conviction by collateral, as opposed to direct, attack."  Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (quotation marks omitted).  To prevail on a § 2255 motion, a movant must show "constitutional error . . . or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Since Wright is pro se, his petition is held to "less stringent standards than [those] drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); accord Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001).  Moreover, this Court liberally construes his papers "to raise the strongest arguments that they suggest."  Green, 260 F.3d at 83 (quotation marks omitted).

II.    Wright's Appellate Waiver and Ineffective Assistance of Counsel

As a threshold matter, "[a] defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable."  Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam); see also Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam).  Indeed, "[i]n no circumstance . . . may a

defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.  Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d. Cir 1993) (per curiam).  A district court is "entitled to rely upon the defendant's sworn statements, made in open court" in determining whether "he understood the consequences of his plea . . . [and] that he was waiving his right to appeal a sentence" within or below the stipulated range.  United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001) (per curiam).

    The record is replete with evidence that Wright knowingly and voluntarily entered into the plea agreement and knowingly and voluntarily waived his appellate rights.  During his allocution, Wright confirmed that he understood the contents of the plea agreement.  (Plea Tr., at 14.)  This Court specifically asked Wright whether he understood that he was "waiving [his] right to appeal or otherwise challenge [his] sentence if this Court sentence[d] [him] within or below the stipulated [G]uideline[s] range of 188 to 235 months of imprisonment."  (Plea Tr., at 14–15.)  Wright responded categorically: "Yes, sir."  (Plea Tr., at 15.)  Moreover, Wright affirmed that no one had "threatened . . . or forced [him] to plead guilty or to enter into the plea agreement."  (Plea Tr., at 18.)  Accordingly, this Court accepted Wright's guilty plea and adjudged him guilty of conspiracy to distribute and possess with intent to distribute cocaine.  (Plea Tr., at 18.)

    This Court sentenced Wright principally to 120 months of imprisonment—a substantial variance from the stipulated Guidelines range—thereby triggering the appellate waiver.  (Criminal ECF No. 55; Sentencing Tr., at 9.)

Wright now seeks to sidestep his appellate waiver, arguing that his counsel was ineffective. See Hernandez, 242 F.3d at 113–14 ("[A] plea agreement containing a waiver of the right to appeal is not enforceable where . . . the plea agreement was entered into without effective assistance of counsel."). As best this Court can determine, Wright alleges that the plea agreement is unenforceable because counsel failed to challenge the constitutionality of the Guidelines' career offender provisions. (See ECF No. 12, at 2.)

At heart, Wright's argument is rooted in the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015). There, the Supreme Court held that the residual clause within the Armed Career Criminal Act ("ACCA") violated the Fifth Amendment's Due Process Clause. Johnson, 135 S. Ct. at 2557. Indeed, under the ACCA, a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) faces an enhanced sentence if he has three prior convictions for a "violent felony." See 18 U.S.C. § 924(e)(1). A "violent felony" under the ACCA's residual clause includes any felony "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court deemed this residual clause unconstitutionally vague. As Wright observes, § 4B1.2(a)(2) of the 2014 Guidelines—which concerns the career offender enhancement— contains a similarly-worded residual clause within its definition of "crime of violence." Thus, according to Wright, the Supreme Court's reasoning in Johnson applies equally to § 4B1.2(a)(2)'s residual clause and renders the Guidelines' career offender enhancement inapplicable to his sentence. Because counsel allegedly failed to make this argument, Wright appears to claim that the plea agreement is unenforceable. (See ECF No. 12, at 2 ("Defense counsel's failure to even argue this issue prior to sentencing was deficient . . . and undermin[ed] . . . the underlying premises of the plea agreement.").)

To prevail on his claim for ineffective assistance of counsel, Wright must show that: (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "'[P]urely speculative' arguments about the impact of an error do not establish prejudice." DeCarlo v. United States, 2013 WL 1700921, at *4 (S.D.N.Y. Apr. 17, 2013) (quoting United States v. Weiss, 930 F.2d 185, 199 (2d Cir. 1991)). When considering an ineffective assistance of counsel claim, "[a] court may consider the question of prejudice first because it is often 'easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice.'" DeCarlo, 2013 WL 1700921, at *4 (quoting Strickland, 466 U.S. at 697).

Wright is unable to demonstrate a "reasonable probability" that his criminal proceeding would have concluded any differently had counsel made the argument Wright now advances. Notably, Wright fails to cite valid authority holding that the Guidelines are subject to the same void-for-vagueness analysis employed by the Supreme Court in Johnson. In fact, the Supreme Court squarely rejected that argument in Beckles v. United States, 137 S. Ct. 886, 892 (2017) (holding that the "Guidelines are not subject to vagueness challenges under the Due Process Clause").[3] Accordingly, Wright's plea agreement is enforceable and his petition is barred by the terms of the appellate waiver within that agreement.[4]

---

[3] The fact that Beckles was decided one-and-a-half years after Wright pled guilty is irrelevant to this Court's conclusion. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993) (finding no prejudice where counsel failed to make "an objection that would have been supported by a decision which was subsequently overruled").

[4] This Court also rejects Wright's claim that his counsel was deficient for failing to make a Johnson argument concerning the constitutionality of the career offender enhancement at sentencing. (See ECF No. 6, at 1.) That argument is identical to Wright's argument about his plea agreement and is also foreclosed by Beckles.

5

III.   Merits

Even if this Court ignores his appellate waiver, Wright fails on the merits. Wright advances two substantive arguments: (1) this Court should resentence him without the career offender enhancement because its application is unconstitutional under Johnson, and (2) this Court improperly applied the career offender enhancement because Wright's prior conviction for second degree robbery is not a "crime of violence" under § 4B1.2(a)(2). Beckles precludes Wright's first argument. As for Wright's second argument, the Second Circuit has held "that every degree of New York robbery is a crime of violence under the residual clause of section 4B1.2(a)(2)." United States v. Smith, 896 F.3d 592, 595 (2d Cir. 2018); see also Dantzler v. United States, 2019 WL 1574799, at *3 n.3 (E.D.N.Y. Apr. 11, 2019) ("[T]he Second Circuit has now held that both first and second degree robbery under New York law are crimes of violence under the Guidelines' residual clause.").

## CONCLUSION

For the foregoing reasons, Wright's habeas petition is denied. Because Wright has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). The Clerk of Court is directed to terminate all pending motions and mark this case as closed. A copy of this Memorandum & Order is being mailed by Chambers staff to Wright.

Dated: May 14, 2020
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.